**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10469
Non-Argument Calendar
_____

WILLIE BRUCE BRYANT,

                               *Plaintiff-Appellant,*

*versus*

ALEXANDRA D. LEONARDIS,
   Deputy Sheriff, individually,
DANIEL P. SANMIGUEL,
   Senior Assistant Solicitor General, individually,
LIEUTENANT DEREK A. BLEISATH,
   Supervising Deputy Sheriff, individually,

                               *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:25-cv-00158-SCJ
_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and BRASHER, Circuit Judges.

PER CURIAM:

Willie Bruce Bryant appeals *pro se* the dismissal of his first amended complaint alleging claims of a process-based seizure in violation of the Fourth Amendment, selective enforcement in violation of the Equal Protection Clause, and supervisory liability. 42 U.S.C. § 1983. We affirm.

In June 2025, Bryant filed his first amended complaint, in which he alleged that a man named Austin Rothenberger confronted him in a parking lot and yelled racial slurs at him, so to protect himself, he exercised his right to self-defense by exiting his vehicle armed with a hammer. An altercation ensued and Bryant was later arrested for battery. He alleged that Deputy Alexandra Leonardis and Lieutenant Derek Bleisath fabricated material facts in their affidavits to support his arrest warrant and that Leonardis, Bleisath, and Senior Assistant Solicitor General Daniel Sanmiguel conspired to prosecute him without probable cause and that racial bias motivated their actions. He alleged that Leonardis and Bleisath were not entitled to qualified immunity because the material misrepresentations made in the warrant affidavits were objectively unreasonable. He also alleged that Sanmiguel acted outside the scope of prosecutorial immunity by ignoring exculpatory evidence that Rothenberger, an alleged white supremacist, initiated the alterca-

tion. He also alleged that Bleisath was liable as a supervisor by failing to intervene or correct unconstitutional conduct of Leonardis, his subordinate.

Bryant attached to his first amended complaint the police report of the altercation. The report stated that Rothenberger told Leonardis, one of the responding officers, that he had been driving behind a car that kept hitting its brakes, so Rothenberger showed the driver his middle finger and honked. Bryant was behind Rothenberger's car. When Rothenberger pulled into the parking lot to go to work, Bryant followed him. Rothenberger asked Bryant what he was "looking at." Rothenberger and Bryant "exchanged words with each other," and Bryant went to his car and retrieved a hammer, which he then swung at Rothenberger. Leonardis's arrest affidavit confirmed that Bryant did not hit Rothenberger with the hammer but did slap him in the face. Bryant was arrested for battery, though the charge was later dismissed.

Leonardis, Bleisath, and Sanmiguel moved to dismiss Bryant's first amended complaint for failure to state a claim for relief. Bryant then moved for leave to file a second, third, and fourth amended complaint. Leonardis, Bleisath, and Sanmiguel opposed his motions.

The district court treated Bryant's first amended complaint as the operative complaint and ruled that it failed to state a claim. It then ruled that all amendments in Bryant's various proposed amended complaints were incorporated in his fourth amended complaint "with the understanding that if the amendments in" the

fourth amended complaint were futile, so too were the amendments in the proposed second and third amended complaints. It then ruled that Bryant's proposed amendments were futile.

It ruled that Sanmiguel was entitled to prosecutorial immunity, and Leonardis and Bleisath were entitled to qualified immunity from Bryant's claims of unlawful seizure. It ruled that Bryant's selective enforcement claim failed because he had not identified a similarly situated person of another race who had been treated differently. It then ruled that Bryant's claim of supervisory liability failed because he had no underlying constitutional violation.

Accordingly, the district court granted Bryant's motion to file an amended complaint and treated his first amended complaint as the operative one, denied his motions to file second, third, and fourth amended complaints as futile to his federal claims and granted the motion to dismiss with those claims.

We review a dismissal for failure to state a claim *de novo*, accept the facts alleged in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "[N]aked assertions devoid of

further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and brackets omitted).

Although *pro se* pleadings are liberally construed, courts may not "serve as *de facto* counsel for a party," or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks and italics omitted). Filing a pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). "[N]either the parties nor the court have any need for discovery before the court rules on the motion." *Id.* (citing *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.")).

As an initial matter, although Bryant's initial brief largely addresses the analysis of his proposed fourth amended complaint, we construe his appeal as challenging the dismissal of his first amended complaint, which was substantively identical to his proposed fourth amended complaint and the district court dismissed for the same reasons. *See Campbell*, 760 F.3d at 1168-69. The district court

correctly dismissed Bryant's operative first amended complaint for failure to state a claim.

Prosecutors enjoy absolute immunity from suit for activities intimately associated with the judicial phase of the criminal process. *Hart v. Hodges*, 587 F.3d 1288, 1294-95 (11th Cir. 2009). This immunity from suit includes "immunity from allegations stemming from the prosecutor's function as advocate," including acts taken in preparation for the initiation of judicial proceedings or for trial. *Id.* at 1295 (quotation marks omitted). The district court correctly ruled that Sanmiguel enjoys absolute prosecutorial immunity because his alleged conduct stemmed from his role as advocate. *See id.* at 1294-95. Bryant's contentions to the contrary are legal conclusions not entitled to the presumption of truth at the pleading stage. *Jaharis*, 297 F.3d at 1188.

The district court also correctly determined that Leonardis and Bleisath were entitled to qualified immunity. Qualified immunity shields government officials for discretionary actions that do not violate a clearly established federal right. *Brooks v. Miller*, 78 F.4th 1267, 1279 (11th Cir. 2023). "While an officer who arrests an individual without probable cause violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity." *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007). Even if the officer lacked probable cause, we apply "the standard of arguable probable cause, that is, whether reasonable officers in the same circumstances and possessing the same knowledge as the Defendant *could have believed* that probable cause existed to arrest." *Id.*

(quotation marks omitted, alteration adopted, emphasis in original). If an officer had arguable probable cause, then any violation was not clearly established. *Edger v. McCabe*, 84 F.4th 1230, 1236 (11th Cir. 2023). Because there was arguable probable cause for Bryant's arrest based on Rothenberger's account of Bryant's conduct, Leonardis and Bleisath enjoy qualified immunity. *Brooks*, 78 F.4th at 1279; *Edger*, 84 F.4th at 1236.

The district court also correctly dismissed Bryant's equal protection claim because he failed to identify a similarly situated person who was treated differently because of race. An equal protection claim requires a plaintiff to establish that he is similarly situated with another person who received more favorable treatment and that this discriminatory treatment was based on prohibited ground, like race. *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). A selective prosecution claim requires disparate treatment from a similarly situated individual "identical in all relevant respects." *Grider v. City of Auburn*, 618 F.3d 1240, 1264 (11th Cir. 2010) (quotation marks and emphasis omitted). Bryant failed to identify a similarly situated individual. Although Rothenberger may have been involved in the altercation that led to his arrest, Bryant failed to allege that they were involved in virtually identical conduct, when Bryant was the only one who wielded a hammer. His assertions to the contrary are not entitled to the presumption of truth. *See Jaharis*, 297 F.3d at 1188.

Supervisory officials cannot be held liable for the unconstitutional acts of their subordinates based on respondeat superior or

vicarious liability. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). To hold a supervisor liable, a plaintiff must prove that the supervisor "either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Id.* But Bryant failed to establish a constitutional violation, and without an underlying violation, Bleisath cannot be liable as a supervisor. *See id.* Finally, the district court properly denied Bryant's motion to amend because his proposed fourth amended complaint was substantively identical to his first amended complaint, which was properly dismissed. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We **AFFIRM** the dismissal of Bryant's first amended complaint and **DENY** his motion to file a supplemental brief as moot.